# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:14-CR-00391-KJD-NJK |
| v. | **ORDER** |
| NATHAN BRADLEY MONTGOMERY, | |
|     Defendant. | |

Presently before the Court is Defendant's Motion to Terminate Supervised Release (#5). Though the time to do so has passed, no response has been filed by the Government.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) **Modification of conditions or revocation**. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,

if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court considers the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Here, Defendant has met his burden in demonstrating that early termination of supervised release is justified. On or about January 31, 2012, the Defendant was found guilty by a jury of Count One of a ten-count Superseding Indictment charging him with conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371. After Mr. Montgomery was released from federal custody, he began his term of supervised release on or about July 14, 2014. His three-year term of supervised release is scheduled to expire in July, 2017. Mr. Montgomery has been supervised by U.S. Probation Officer, Jodana Brown. Probation Officer Brown has been contacted and she advises that Mr. Montgomery is compliant with his terms of supervised release. Mr. Montgomery has successfully completed approximately fourteen (14) months of his supervised release period.

Further, Mr. Montgomery did not have an aggravated role in the offense of conviction, *i.e.*, conspiracy to commit securities fraud and wire fraud. He does not have a history of violence, nor any recent arrests or convictions, and has been compliant with all laws. Additionally, Mr. Montgomery successfully completed substance abuse treatment while incarcerated and passed all drug tests administered.

1   Therefore, having considered the above facts in light of the applicable statutory factors, the
2 Court finds that in the interest of justice and being warranted by the conduct of Defendant, that his
3 term of supervised release is hereby terminated immediately.
4   Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Termination of
5 Supervised Release (#5) is **GRANTED**.
6   DATED this __8th__ day of October 2015.

_____
Kent J. Dawson
United States District Judge